1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11          Plaintiff,                    CR. NO. S-08-0562 EJG (GGH)

12      vs.                              <u>ORDER</u>

13   VICTOR MARTINEZ, et al.,

14

         Defendants.

15   _____/

16          Defendant, Victor Martinez, and several of his co-defendants in this unlawful

17   drug trafficking conspiracy case, brought on for hearing on September 7, 2010, a multi-request

18   discovery motion.  For all aspects of the motion, except for the Fed. R. Ev. 404(b) request, the

19   parties and the court agreed that the transcript would stand as the basis for the court's rulings,

20   and that no further written order was required.  Thus, this order deals only with the Rule 404(b)

21   request.

22          There is no need to detail the alleged factual background of this case for

23   resolution of the issue remaining in the discovery motion.  Suffice it to say that the facts involved

24   encompass a rather commonly found drug trafficking conspiracy, albeit a long term conspiracy

25   involving many defendants.  As permitted by Fed. R. Ev. 404(b), Martinez requested notice of

26   the "general nature" of any "prior bad acts" evidence which the government planned to

1    introduce.[1]

2         Martinez' request is authorized by Rule 404(b).  However, the government has not

3    identified any evidence on the basis that "bad acts" evidence is directly related to proving the

4    conspiracy and other counts.  Further, the government argues that the indictment does not have to

5    list all the overt acts in the conspiracy, see United States v. Jackson, 167 F.3d 1280, 1285 (9th

6    Cir. 1999), or other counts, and that evidence integral to the conspiracy or other counts, even if

7    demonstrating unlawful or other admissible "bad acts," is not encompassed by Rule 404(b).  The

8    government is correct to a point.  Case law does not recognize evidence used to prove a

9    conspiracy, or evidence "inextricably intertwined" with the criminal counts at issue, to be Rule

10   404(b) evidence.  United States v. Montgomery, 384 F.3d 1050, 1061-62 (9th Cir. 2004); United

11   States v. Beckman, 298 F.3d 788, 793-94 (9th Cir. 2002); United States v. Bernal, 719 F.2d 1475,

12   1478 (9th Cir. 1983) (conspiracy).

13        However, the government cannot take the position, which it has, that it may,

14   without giving the required Rule 404(b) notice to defendants, reserve the right to introduce the

15   prior acts as Rule 404(b) evidence, if it later turns out at trial that the evidence cannot directly be

16   admitted as part of the case to be proved.  Such a position, if approved, would read the 404(b)

17   notice provisions right out of the rule.  To the detriment of defendants, the government could

18   often argue at trial that no notice was given because it erroneously believed the evidence

19   admissible on grounds other than 404(b) when it declined to give pretrial notice.  In short, the

20   government cannot reserve the right to be wrong.

21        Rather, the government must *presently* make a judgment call: if it appears to the

22   government without a doubt that the prior bad acts evidence will be admitted as part of the *res*

23   *gestae*, it can determine to give no notice.  However, if there is genuine doubt in the

24   government's minds about the "inextricable" relation of the prior bad acts to the counts which

25

26   [1] The "general nature" of bad acts evidence would include an identification of the
     particular act and a general description of the evidence which would be used to prove the act.

1   must be proven, it behooves the government to give the required notice.

2           Because the government has taken the position at hearing that the prior bad acts at

3   issue (unspecified to this point) are part of its case on the elements of the crime(s) at issue,

4   defendant's motion (including the other defendants who have joined in Martinez' motion) will be

5   denied.   If the trial judge refuses to admit the evidence on a basis other than 404(b), i.e., he rules

6   that the evidence is not directly encompassed by the pleaded counts, defendants may object on

7   the basis of lack of Rule 404(b) notice.

8           However, if the government has second thoughts about its position taken at

9   hearing with respect to all or some of its evidence, it has ten days in which to give the proper

10  Rule 404(b) notice.[2]

11  *Conclusion*

12          That part of Martinez' motion requesting notice of Rule 404(b) evidence is denied

13  without prejudice to the right of defendants to object to lack of notice for evidence if the

14  government seeks to have it admitted on the basis of Rule 404(b).  If the government gives

15  appropriate Rule 404(b) notice within ten days of the filed date of this order, defendants will

16  have no right to object on the basis of lack of notice.

17          This order, and the rulings at hearing, resolve docket numbers 105, 106, 118, 141.

18  DATED: 09/15/2010

                                    /s/ Gregory G. Hollows
19
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
20  GGH:gh:035
    martinez562.ord

21

22

23

24

25

---

26          [2]Of course, the government can both believe its evidence part of the conspiracy proof *and* in an abundance of caution give Rule 404(b) notice.

3